UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HMM CO., LTD.,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Defendant. | Case No. 8:24-cv-01454-FLA (ADSx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY [DKT. 19]** |

### **RULING**

Before the court is Defendant Samsung Electronics America, Inc.'s (Defendant or "SEA") Motion to Stay (the "Motion"). Dkt. 19.[1] Plaintiff HMM Co., LTD. (Plaintiff or "HMM") opposes the Motion. Dkt. 25. On August 27, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 30, 2024. Dkt. 27; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

///

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

1

For the reasons stated herein, the court GRANTS the Motion to Stay and STAYS the subject action pending the resolution of SEA's action against HMM before the Federal Maritime Commission ("FMC"), Proceeding No. 24-23 (the "FMC Action"). Defendant is ORDERED to file a status report on April 25, 2025, and every 60 days thereafter describing any developments in the FMC Action pertinent to the stay.

## BACKGROUND

On May 30, 2024, SEA filed suit against HMM before the FMC, alleging HMM's invoicing practices and charges were unlawful and unreasonable, in violation of the Shipping Act of 1984, 46 U.S.C. § 40101, *et seq.* (the "Shipping Act"). Dkt. 19 at 8. On July 1, 2024, HMM filed a complaint against SEA in the subject action, asserting two causes of action for: (1) breach of maritime contract; and (2) goods and services rendered. Dkt. 1. On July 30, 2024, SEA filed the Motion, requesting the court stay the action pending the completion of the FMC Action. Dkt. 19. On August 9, 2024, HMM filed its opposition to the Motion. Dkt. 25On August 16, 2024, SEA filed its reply in support of the Motion. Dkt. 26.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). District courts possess "broad discretion" in deciding whether to grant a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

## DISCUSSION

The doctrine of primary jurisdiction relates to which tribunal, judicial or administrative, should first act. *Casey v. FTC*, 578 F.2d 793, 798 n. 8 (9th Cir. 1978). "When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular

industry or activity involved." *Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 68 (1970); *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987). The doctrine serves as a prudential mechanism to promote harmony and avoid undue conflict when judicial and agency concerns overlap. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). It is reserved for a "limited set of circumstances," and "to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id.* (internal quotation marks omitted).

SEA argues a stay is necessary because the FMC retains primary jurisdiction given that the case concerns the Shipping Act. Accordingly, it argues a stay would lead to judicial economy since the resolution of the FMC Action would simplify the issues before this court. *Id.* at 16–18. HMM counters that the doctrine of primary jurisdiction does not apply here, and that granting a stay would not lead to judicial economy because the two cases are fundamentally different. Dkt. 25 at 18, 23.

It is undisputed the FMC is charged with administering the Shipping Act. *Takazato v. Federal Maritime Comm'n*, 633 F.2d 1276, 1278 (9th Cir. 1980). After reviewing the parties' briefs and relevant portions of the dockets of both actions, the court finds the FMC Action and the current case share many common questions of fact and law, so a decision in the FMC Action should simplify the issues in this case. *Compare* Dkt. 1 *with* Dkt. 19-1 at 6–28. Therefore, given the interests of judicial economy, the court finds it appropriate to stay the case pending the outcome of the FMC Action.[2] *See Flexport Int'l LLC v. Giti Tire (USA) Ltd.*, Case No. 5:24-cv-

---

[2] HMM argues that "a stay under the primary jurisdiction doctrine would be contrary to the Supreme Court's ruling in Loper [*Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)]." The court disagrees. Although *Loper Bright* ended the deference courts owed to an agency's interpretation of an ambiguous statute, *see* 603 U.S. at 413,

00722-JGB (SPx), Dkt. 21 (C.D. Cal. June 26, 2024) (staying case pending decision by the FMC).

### CONCLUSION

The court, having considered the Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS the following:

1. All further proceedings in this action are STAYED pending resolution of the FMC Action.
2. Defendant is ORDERED to file a status report on April 25, 2025, and every 60 days thereafter, describing any developments in the FMC Action pertinent to the stay, including, but not limited to, the status of the matter, the estimated time remaining until the resolution of the matter, and any upcoming dates and deadlines relevant to the matter.

IT IS SO ORDERED.

Dated: February 11, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

judicial efficiency is the prominent concern when deciding whether to invoke primary jurisdiction. *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 760 (9th Cir. 2015) (finding that judicial efficiency "is the 'deciding factor' in whether to invoke primary jurisdiction.") (quoting *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)).

4